17-3936-cr
United States v. Irizarry (McFarland)

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>
(REDACTED)

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of January, two thousand nineteen.

PRESENT:  AMALYA L. KEARSE,
DENNIS JACOBS,
ROBERT D. SACK,
        <u>Circuit Judges</u>,

- - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
        <u>Appellee</u>,

        -v.-                                17-3936-cr

EFRAIN IRIZARRY, AKA ETO, WILLIAM

SANTANA, AKA PUSO, ROY SMITH, AKA
RAH, CHARLES ECHEVARRIA,
     **Defendants**,

TROY MCFARLAND, AKA DEVINE,
     **Defendant-Appellant.**
- - - - - - - - - - - - - - - - - -X

FOR APPELLANT:               Eric P. Franz, Law Offices of Eric
                                      Franz, P.L.L.C., New York, NY (on
                                      submission).

FOR APPELLEE:               Matthew S. Amatruda, David C.
                                        James, Assistant United States
                                      Attorneys, <u>for</u> Richard P. Donoghue,
                                      United States Attorney for the
                                      Eastern District of New York,
                                      Brooklyn, NY (on submission).

     Appeal from a judgment of the United States District Court for the Eastern District of New York (Kuntz, <u>J.</u>).

     **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **VACATED** and **REMANDED**.

     On August 14, 2015, Defendant-Appellant Troy McFarland pleaded guilty in the United States District Court for the Eastern District of New York (Kuntz, <u>J.</u>) to one count of conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin in violation of 21 U.S.C. § 846, and one count of firearms trafficking in violation of 18 U.S.C. § 922(a)(1)(A).   On appeal, McFarland argues that the district court committed procedural error at sentencing, and that the 84-month sentence must therefore be vacated.   We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

2

"A district court commits procedural error where it fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the [18 U.S.C.] § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence."   United States v. Robinson, 702 F.3d 22, 38 (2d Cir. 2012) (citing Gall v. United States, 552 U.S. 38, 51 (2007)).   Our review for procedural reasonableness is akin to a "deferential abuse-of-discretion standard."   United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (in banc) (quoting Gall, 552 U.S. at 41).   However, "[a] sentencing court's legal application of the Guidelines is reviewed de novo."   United States v. Desnoyers, 708 F.3d 378, 385 (2d Cir. 2013) (internal quotation marks omitted).

The parties agree, and the record reflects, that the district court committed procedural error that requires vacatur of McFarland's sentence.   First, the record is unclear as to whether the court correctly determined the applicable Guidelines range.   The presentence investigation report ("PSR") noted that a downward departure from McFarland's criminal history category of VI may be warranted to avoid overrepresenting the seriousness of his prior convictions, and that his criminal history category would be III if motor vehicle offenses were removed from consideration.   However, the PSR incorrectly stated that in the event of a departure to criminal history category III, the resulting Guidelines range would be 70-87 months, rather than the correct range of 57-71 months.   The district court's post-sentencing opinion recognized the PSR's error but failed to state a finding as to the applicable Guidelines range.   Moreover, the district court provided an unclear answer at sentencing in response to counsel's query of whether a departure to criminal history category III had been granted, and simply noted in its written opinion that the Guidelines range would be 51-63 months if the court were to accept McFarland's request for a downward departure to criminal history category II.   Because it is unclear whether the district court correctly calculated the Guidelines range, remand for resentencing is appropriate. See Robinson, 702 F.3d at 38.

In addition, the district court appears to have accepted the PSR's incorrect statement that 18 U.S.C. § 924(a)(1)(D) requires the sentence for McFarland's firearms charge to be imposed consecutively to the sentence for his narcotics

charge.   See United States v. White, 240 F.3d 127, 137 (2d Cir. 2001) (remanding for resentencing where it was ambiguous whether the district court understood it had discretion to impose concurrent sentences).   And the district court's statements at sentencing and in its written opinion suggest that it erroneously treated the Guidelines range as applicable to the sentence for each count separately, rather than the "total punishment" imposed.   See U.S.S.G. § 5G1.2.

The district court failed to rule on McFarland's motion for a downward departure pursuant to Guidelines § 5K2.23, based on time served in state custody.



Accordingly, the judgment of the district court is **VACATED** and the case is **REMANDED** to the district court for resentencing.   On remand, the district court is directed to clearly state its findings with respect to the applicable Guidelines range (including McFarland's entitlement to any downward departures), and whether consecutive or concurrent sentences are appropriate.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4